## Cornelius's Estate.

*Water rents—Lien as to real estate—Special act of 1873.*

The Act of February 21, 1873, P. L. 147 authorizing the commissioners of Sewickley Water Works to fix a schedule of water rents and to collect same and for this purpose to appoint a collector, and issue their warrant to him to collect the same by levy and sale in like manner as other taxes, of any property on the premises or elsewhere belonging to the owner or occupant, does not make water rents a lien upon real estate, nor does any other act make such rents a lien upon real estate.

Argued April 23, 1900.    Appeal, No. 67, April T., 1900, by commissioners of Sewickley Water Works, from decree of O. C. Allegheny Co., June T., 1899, No. 67, in distribution of the estate of Charles E. Cornelius, deceased.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.  Per Curiam.

Exceptions to adjudication and decree of distribution of MESTREZAT, P. J., specially presiding.  Before the court in banc.

It appears from the record that the question arose upon the audit of the first and partial account of the executors of Charles E. Cornelius, deceased, being the amount of the proceeds of sale of decedent's real estate.  The commissioners of Sewickley Water Works presented their claim for $396.12 for water tax for the tax year from April 1, 1898, to March 31, 1899 for water supplied to the premises, asserting it to be a tax and a lien upon the real estate from the sale of which the fund had been obtained, and therefore a preferred claim, payable in full.  Objection was made to the claim on the ground that water rent, assessed under the special act of assembly approved February 21, 1873, P. L. 147, is not a lien on real estate.  The auditing judge allowed the objection to the allowance of said water tax as pre-

ferred claim and exceptions to the decree were dismissed by the court in banc. Sewickley Water Works appealed.

*Errors assigned* were (1) in overruling and dismissing the exceptions filed by the commissioners of Sewickley Water Works. (2) In holding that water rent assessed by the commissioners of Sewickley Water Works is not a lien upon real estate.

*Charles A. Woods*, for appellant.—The Act of February 23, 1824, P. L. 18, made taxes first liens in the city and county of Philadelphia. The provisions of this act of 1824 were extended to Allegheny county by the Act of April 5, 1844, P. L. 199.

Appellant is a public municipal corporation. The wording of the act of 1873 makes this plain, and in the case of the Commissioners of the Sewickley Water Works v. Sewickley Borough, 159 Pa. 194, it was decided by the Supreme Court that the commissioners were but the mere agents of the borough of Sewickley for constructing and operating the waterworks.

The act of 1873 has never been before the court in this connection. No case involving an exactly similar question has been found. There are cases somewhat analogous. In Emaus v. Emaus School District, 2 Pa. Dist. Rep. 322, it was decided that under the special Act of February 18, 1871, P. L. 85, establishing waterworks in the borough of Emaus, water rents are taxes. The provisions in said act as to water rents are as follows : " They may adopt a schedule of rates by which water rents shall be assessed to the owner or owners of the premises and collect these rents as borough taxes are collected."

And in the case of Davis v. Doylestown Borough, 3 Pa. C. C. R. 573, it was held that under the special act of March 13, 1867, P. L. 414, authorizing the town council of Doylestown to construct waterworks, water rents are taxes.

In the case of Pittsburg v. Brace Bros., 158 Pa. 174, the Supreme Court held that the city of Pittsburg had a lien for water rent outside of its corporate limits.

Under the recent Act of May 22, 1895, P. L. 111, appellant was entitled to the payment in full of its claim out of the fund distributed.

Here we have an orphans' court sale of real estate. This is

a judicial sale and divests all liens.  See Pittsburg v. Hughes, 13 Pa. C. C. R. 535.

*W. T. Treadway*, with him *Thompson & Thompson* and *J. McF. Carpenter*, for appellees.—It is well settled in Pennsylvania, that without express legislation authorizing the same, no lien can be created.

It is equally clear that the act of 1873, under which the "commissioners of the Sewickley Water Works," was incorporated, created no lien.

Section 8 of the act of 1824 excepts water rents and so does the act of April 5, 1844.

With these citations of law, it would have been strange if the auditing judge had done otherwise than disallow this claim. It was clearly no lien.

PER CURIAM, May 24, 1900 :

The 6th section of the Act of February 21, 1873, P. L. 147, authorizes the Commissioners of Sewickley Water Works to fix and change a schedule of water rents, and collect the same from the owners or occupants of the premises where the water is used, " and for this purpose they may appoint a collector, and issue their warrant to him to collect the same by levy and sale, in like manner as other taxes, of any property on the premises or elsewhere, belonging to the owner or occupant."  This law does not make water rents a lien upon real estate, and if there is any other act making them a lien it has not been called to our attention.    Certainly the act of April 5, 1844, extending the provisions of the Act of February 23, 1824, P. L. 18, to Allegheny county does not give them a lien, for it expressly provides that they "shall not be considered as coming within the provisions of the act."    Nor does the Act of May 22, 1895, P. L. 111, apply, for that relates only to taxes against land.    The section of the act of 1873, above quoted, does not give all the remedies for the collection of water rents that are given for the collection of taxes, but only the specific remedy expressly mentioned.    It differs materially from the acts construed in the cases cited in the appellants' brief.

The decree is affirmed and the appeal dismissed at the costs of the appellants.